IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KENNETH P. HOLLAND,**

    Plaintiff,

vs.                                                                  **Civil No. 10-00374 BB/DJS**

**CHAD KROGSTAD, SCOTT KALNA,
LYNN W. WUBBEN, DAVID TEMBRUELL,
JOSEPH S. HAYES, MICHAEL TESTA,
CHARLES HUMPHREY and LANCE
MANISCELCO,**

    Defendants.

### MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth P. Holland filed this civil rights suit against Defendants Chad Krogstad, Scott Kalna, Lynn W. Wubben, David Tembruell, Joseph S. Hayes, Michael Testa, Charles Humphrey and Lance Maniscelco, Law Enforcement Officers with the United States Forest Service, alleging violations of his civil rights. This case arises out of an incident that occurred in the Santa Fe National Forest, near Cuba, New Mexico. The matter is presently before the Court on Defendants' Motion to Dismiss [Docket 23]. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

Plaintiff claims Defendants used excessive force [Count I], unlawfully seized and arrested him [Count II] and maliciously prosecuted him [Count III] in violation of his rights under the Fourth Amendment. Defendants contend that they are entitled to qualified immunity. For the reasons stated herein, I find that the Motion should be DENIED.

I.      Factual Allegations

The following facts are taken from Plaintiff's Amended Complaint [Docket No. 29] and are assumed to be true for the purposes of this Memorandum Opinion and Order.  On July 2, 2009, Plaintiff, with his wife and daughter, were attending the 38th Rainbow Family Gathering in the Santa Fe National Forest.  Plaintiff's wife was cited by Defendant Krogstad for carrying an open container of beer[1] across a road.   While documenting the citation Defendant Krogstand ordered Plaintiff to hold the container so that he (Krogstad) could take a picture of it.  Plaintiff initially refused, but subsequently took the container and set it on the ground, without touching or making any physical contact with Defendant Krogstad.  Defendants Kalna and Wubben then approached Plaintiff. Defendant Wubben grabbed Plaintiff's left wrist in order to pull it behind his back, and  Defendant Kalna did the same to Plaintiff's right wrist.  Defendant Kalna then deployed a taser to Plaintiff's right side.  Defendants Krogstad, Kalna, Wubben and Tembruell dragged Plaintiff to a car parked on the side of the road and forced him to the ground.   While Plaintiff was surrounded by these officers and on the ground, Defendant Kalna tased him multiple times.  Plaintiff at no time  resisted, attempted to flee or took any physical or verbal action against the officers.

Throughout event, Defendant Testa was standing next to Plaintiff's wife, Defendant Maniscelco was videotaping the incident and Defendant Humphrey was attending to a Mr. Zoller. Defendants Testa, Maniscelco, Humphrey and Hayes watched the entire incident and never attempted to intercede or stop what occurred.

Plaintiff was placed in the back of Defendant Maniscelco's vehicle and Defendants Maniscelco and Kalna transported him to the United States Forest Service District Office in Cuba,

---

[1]Described elsewhere as a gallon-sized jug. [See Docket 23 at p. 3].

New Mexico. Plaintiff was treated by emergency personnel for injuries from multiple tasings and from being pushed to the ground. He was then transported to the Sandoval County Detention Center where he was incarcerated for five days.

A criminal complaint charging Plaintiff with assault on an officer of the United States in violation of 18 U.S.C. § 111(a)(1) and with interfering with a Forest Officer in violation of 36 C.F.R, § 261.3(a) was filed on July 6, 2009. The criminal complaint was based on statements made to Lucas Woolf, a Forest Service Special Agent, by the Defendants that Plaintiff was uncooperative and resisted requests for cooperation, that he had taken a fighting posture and directed aggression toward the Defendants, that while Defendants attempted to detain him he began swinging his arms, resisted arrest and stuck Defendant Krogstad in the back, and that he only stopped resisting arrest after being tased a second time. Plaintiff alleges that the Defendants knew these statements were patently false when they made them. The criminal complaint was dismissed on September 30, 2009, following review of the case by the United States Attorney's Office.

II.     Standard of Review

Dismissal under F.R.Civ.P. 12(b)(6) is proper only if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To be "plausible," the facts pled by the plaintiff must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. The Tenth Circuit Court of Appeals has noted that " 'plausibility' in this context must refer to the scope of the allegations in a complaint: If they are so general that they encompass a wide swath of conduct,

much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' " *Robbins v. Oklahoma*, 519 F.3d 1242, 1247. (10th Cir.2008) (citation omitted).

In addition, the court must accept all the well-pled allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant, *Twombly*, 550 U.S. at 555; *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir.2007), but need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir.2001).

III.    Discussion

    A.    Qualified Immunity

The Court undertakes a two-part inquiry when a party moves for dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) which raises the defense of qualified immunity: Whether the plaintiff as alleged facts which make out a violation of a constitutional right and whether the right at issue was clearly established at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815-816 (2009) (citation omitted). This Court has discretion to address these inquiries in any order. *Id.* at 818.

    B.    Count I:  Excessive Force

The "objective reasonableness" standard of the Fourth Amendment is utilized in determining whether excessive force was used to effectuate an arrest. *York v. City of Las Cruces*, 523 F.2d 1205, 1210 (10th Cir. 2008). In each case, the court must evaluate whether the officer's actions were " 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989).

> A "court assesses the reasonableness of an officer's conduct from the perspective of a reasonable officer on the scene, acknowledging that the officer may be forced to make split-second judgments in certain difficult circumstances." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1314 (10th Cir.2002) (*quoting Medina v. Cram*, 252 F.3d 1124, 1131 (10th Cir.2001)). Factors to consider in assessing whether the force used was reasonable include: the alleged crime's severity, the degree of potential threat that the suspect poses to an officer's safety and to others' safety, and the suspect's efforts to resist or evade arrest.

*Marquez v. City of Albuquerque*, 399 F.3d 1216, 1220 (10th Cir. 2005).

The Amended Complaint alleges that Plaintiff refused to hold a container of beer so that the container could be photographed by Defendant Krogstad in connection with a citation being issued to Plaintiff's wife.  Defendants  Krogstad, Kalna, Wubben and Tembruell responded to this refusal by physically seizing Plaintiff, tasing him multiple times, forcing him to the ground and placing him in custody.  The Amended Complaint further alleges that Plaintiff was not in any way physically or verbally aggressive toward the Defendants, nor did he attempt to resist or flee the scene.  Use of a taser under these circumstances plausibly rises to the level of objective unreasonableness.  *See Cavanaugh v. Woods Cross City*, 625 F.3d 661, 665-67 (10th Cir. 2010) (Taser use unreasonable where officer discharged it without warning or provocation). It is thus plausible that a fact finder could regard the actions of  Defendants Krogstad, Kalna, Wubben and Tembruell as objectively unreasonable for the purposes of the Fourth Amendment. *Casey v. City of Federal Heights*, 509 F.3d 1278, 1285 (10th Cir. 2007); *Asten v. City of Boulder*, 652 F.Supp. 2d 1188, 1205 (D. Colo. 2009).

The Amended Complaint alleges that Defendants Testa, Maniscelco, Humphrey and Hayes watched the entire incident and never attempted to intercede or stop what occurred.  "It is 'clearly established' that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their

presence." *Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1210 (10th Cir.2008); *Weigel v.Broad*, 544 F.3d 1143, 1153, fn. 4 (10th Cir. 2008). The liability faced by an officer who fails to intercede where that officer observes or has reason to know that excessive force is being used by another officer is also clearly established. *Id.* Accordingly, I find that based on the well-pled allegations of the Amended Complaint, Defendants Testa, Maniscelco, Humphrey and Hayes are not entitled to qualified immunity on Plaintiff's excessive force claim.

  C.  <u>Count II:  Unlawful Seizure and Arrest</u>

It is clearly established that the Fourth Amendment protects the rights of individuals to be free from improper arrest and detention. U.S. Const. Amend. IV ("The right of people to be secure in their persons . . . against unreasonable seizures . . .shall not be violated."). To state a claim for unlawful arrest and detention under the Fourth Amendment a plaintiff must assert facts in his complaint which show that it is plausible that both a 'seizure' occurred and that the seizure was 'unreasonable.' *Asten,*, 652 F.2d at 1199. A seizure is unreasonable if it is not supported by probable cause to believe that a criminal offense has been or is being committed. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

  1.  <u>Seizure</u>

A Fourth Amendment "seizure" occurs whenever a government actor terminates "freedom of movement through means intentionally applied." *Brower v. County of Inyo*, 489 U.S. 593, 596-597 (1989). Plaintiff has set forth facts which show that a "seizure" as defined by the Fourth Amendment occurred.

      2.      <u>Probable cause.</u>

In general, "it is a jury question in a civil rights suit whether an officer had probable cause to arrest." *DeLoach v. Bevers*, 922 F.2d 618, 623 (10th Cir.1990). Evaluation of probable cause requires consideration of whether the "facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Fogerty v. Gallegos*, 523 F.3d 1147, 1156 (10th Cir. 2008) (quoting *United States. v. Edwards*, 242 F.3d 928, 934 (10th Cir. 2001)). If the facts alleged by Plaintiff, viewed in the light most favorable to him, make a plausible showing that his arrest was not supported by probable cause, Defendants are not entitled to dismissal of Count II on the grounds of qualified immunity. *Fogarty*, 523 F.3d at 1156.

Plaintiff alleges that he refused Defendant Krogstad's order that he hold the container of beer for the purpose taking a photograph to document a citation being issued to his wife, first by refusing to hold the container, then by taking the container and placing it on the ground. He further alleges that Defendant Krogstad was at all times a United States Forest Service Law Enforcement Officer, acting in his capacity as a federal law enforcement officer. If Plaintiff's conduct qualifies as a misdemeanor, then probable cause existed for his arrest. *United States v. Watson*, 423 U.S. 411, 418 (1976) ("The cases construing the Fourth Amendment thus reflect the ancient common-law rule that a peace officer was permitted to arrest without a warrant for a misdemeanor or felony committed in his presence as well as for a felony not committed in his presence if there was reasonable ground for making the arrest.").

Title 36 C.F.R. § 261.3(a) prohibits ". . . resisting . . . or interfering with any forest officer engaged in or on account of the performance of his official duties in the protection, improvement or

7

administration of the National Forest System." Violation of 36 C.F.R. § 261.3(a) is a Class B misdemeanor. 18 U.S.C. § 3559(a) (7); 36 C.F.R. § 261.1b.

While force is not a requirement of interference, *United States v. Willfong,* 274 F.3d 1297, 1302-1303 (9th Cir. 2001), Plaintiff's actions must still rise to the level of resisting or interfering with the Defendant officers for them to have reasonably believed that an offense had been or was being committed by Plaintiff's non-cooperation.

Whether non-cooperation rises to the level of interference depends of the facts of the case. *See United States v. Bass*, 82 F.3d 811, 881-812 (8th Cir.1996) (Driver's refusal to obey a National Park Service Ranger's order to "stand still" at the rear of the vehicle-by walking away three times and kicking the door to his vehicle shut-constituted interference with the Ranger's duties. The court however, expressed doubt as to whether that regulation could be constitutionally applied to the driver's refusal to answer the ranger's questions.); *Marrs v. Tuckey*, 362 F. Supp. 2d 927 (E.D. Mich. 2005) (Applying state law, passenger's refusal to identify herself at a traffic stop did not violate a Michigan's "resisting and obstructing" statute, which required actual or threatened physical interference with a law officer's investigation.); *State v. Gaines*, 206 P.3d 1042 (Ore. 2009) (Defendant's passive refusal to accompany officer from cell to booking area in order to be photographed did not amount to obstruction of governmental or judicial administration.).

Based on the record before me, I find that Plaintiff has made a plausible showing that Defendants did not have probable cause to arrest him based upon his failure or refusal to assist them in documenting an open container violation committed by his wife. Plaintiff's non-cooperation, as described in the Amended Complaint, was non-aggressive. Eight officers were present at the incident, and it is reasonable to infer that one of them could have assisted Defendant Krogstad in

taking pictures. Accordingly Defendants are not entitled to qualified immunity on Plaintiff's unlawful seizure and arrest claim.

### D. Count III:  Malicious Prosecution

The elements of a malicious prosecution claim, are

> (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) there was no probable cause to support the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.

*See Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir.2007).

At this stage of the proceedings, Plaintiff has alleged facts, which if true, are sufficient to meet each element of his malicious prosecution claim.

### 1. Causing continued confinement or prosecution.

Plaintiff has alleged that his continued confinement and prosecution was based on false statements given by each Defendant to Investigating Officer Woolf. Police officers who conceal and misrepresent material facts to a prosecuting attorney are not insulated from a § 1983 claim for malicious prosecution. *Pierce v. Gilchrist*, 359 F.3d 1279, 1292 (10th Cir.2004) ("[i]f police officers have been instrumental in the plaintiff's continued confinement or prosecution, they cannot escape liability by pointing to the decisions of prosecutors or grand jurors, or magistrates to confine or prosecute him.") (quoting *Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir.1988)). The same standard applies to actions brought against federal actors pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Malley v. Briggs,* 475 U.S. 335, 340 fn.2 (1986); *Howards v. McLaughlin*, 634 F.3d 1131, 1139 (10th Cir. 2011).

9

2. <u>Termination of criminal proceedings in Plaintiff's favor</u>.

The stated reasons for a dismissal and the circumstances surrounding the dismissal are examined in order to determine whether the termination of a criminal matter was in the accused's favor. *Wilkins v. DeReyes*, 528 F.3d 790, 802-803 (10th Cir. 2008). "[T]he inability of a prosecutor to prove a case beyond reasonable doubt at trial can be consistent with the innocence of the accused and can be deemed a favorable termination in favor of the accused." *Id.* at 803 (citing *Restatement (Second) of Torts* § 660(c) (1977)). Plaintiff has alleged that the criminal action against him was dismissed by the United States Attorney's office based on its review of the case. Although other inferences could be drawn from this fact, viewing the dismissal of the criminal complaint in the light most favorable to Plaintiff, his factual allegations are sufficient to allow the Court to infer that the prosecutor determined that the case against Plaintiff could not be proven beyond a reasonable doubt.

3. <u>Lack of probable cause</u>.

As discussed *supra*., Plaintiff has alleged facts which indicate that is it plausible that his arrest was without probable cause.

4. <u>Malice</u>.

"Malice" is defined as "1. The intent, without justification or excuse, to commit a wrongful act. 2. Reckless disregard of the law or of a person's legal rights. 3. Ill will; wickedness of heart." *Black's Law Dictionary*, 9th ed., 2009. Plaintiff has alleged that each Defendant officer made knowingly false statements to Special Agent Woolf, which resulted in a criminal complaint being filed against him. Malice may be inferred from lack of proximate cause. *Rouse v. Burnham*, 51 F.2d 709, 710 (10th Cir. 1931). Based on Plaintiff's factual allegations, it is plausible that the Defendants acted with malice.

5.      Damages.

Plaintiff alleged that his continued confinement for five days and his prosecution for assault caused him damages. Based on Plaintiff's factual allegations, it is plausible that he suffered damages resulting from Defendant's statements.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss the Complaint [Docket 23] is **DENIED**.

_____
BRUCE D. BLACK
Chief United State District Judge.