IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENNETH P. HOLLAND,

    Plaintiff,

v.                                                                      Case No. 1:10-cv-374 BB/DJS

CHAD KROGSTAD, SCOTT KALNA,
LYNN W. WUBBEN, DAVID
TEMBREULL, JOSEPH S. HAYES,
MICHAEL TESTA, CHARLES
HUMPHREY, and LANCE MANISCELCO,

    Defendants.

## ORDER SUSTAINING
## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on its *Order to Show Cause* [Doc. 54], filed May 12, 2011, and the *Response to Order to Show Cause* [Doc. 62], filed May 27, 2011. For the reasons stated below, the Order to Show Cause is **SUSTAINED**, and Defendants' counsel shall be ordered to pay Plaintiff's counsel $628.76 as a sanction for Defendants' failure to attend the settlement conference.

**I.**     **BACKGROUND**

The Court held a Rule 16 scheduling conference on March 15, 2011. At the scheduling conference, the Court and counsel discussed settlement possibilities and it was agreed an early settlement conference would be beneficial in this case. Two days after the scheduling conference the Court issued its *Order Setting Rule 16 Settlement Conference* which set the settlement conference for May 11, 2011 at 8:30 a.m. [Doc. 48.]

The *Order Setting Rule 16 Settlement Conference* states in part:

Parties and counsel must attend the settlement conference in person. In accordance with D.N.M.LR-Civ. 16.2, the party or designated representative with final settlement authority

> must attend the settlement conference. Only one attorney for each party shall be permitted to appear. Any additional attorneys may appear only upon prior leave of Court.

Local Rule 16.2, referenced in the *Order Setting Rule 16 Settlement Conference*, further specifies attendance requirements for settlement conferences:

> For each party, at least two persons must attend settlement conferences: the attorney who will try the case...and the party or designated representative with final settlement authority, other than an attorney of record.

D.N.M.LR-Civ. 16.2(c).

On May 11, 2011, the Court convened the settlement conference in chambers. Plaintiff Mr. Holland appeared in person with his attorney Mr. Villa. Defendants' counsel Mr. Jacobson appeared with local counsel Mr. Chavez. Defendants did not appear nor did they ask to be excused. As a result of Defendants' failure to appear, the Court vacated the settlement conference.

On May 12, 2011, the Court directed Defendants to "show cause in writing why Defendants, Defendants' counsel, or both should not be required to pay Plaintiff's reasonable expenses, including attorney's fees, incurred due to Defendants' failure to attend the settlement conference." [Doc. 54.] Defendants filed a timely response to the Order to Show Cause. [Doc. 62.]

## II.     LEGAL STANDARDS

The undersigned has the authority conferred on magistrate judges under 28 U.S.C. 636(b)(1)(A) to decide matters involving nondispositive sanctions. *Hutchinson v. Pfeil*, 105 F.3d 563, 565 (10th Cir. 1997); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1998). Rule 16(f) of the Federal Rules of Civil Procedure states:

> (1)   *In general.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii) – (vii), if a party or its attorney:
> (A)   fails to appear at a scheduling or other pretrial conference;
> (B)   is substantially unprepared to participate—or does not participate in good faith—in the conference; or

>> (C) fails to obey a scheduling or other pretrial order.
>
> (2) *Imposing Fees and Costs*. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 16(f).

Rule 16 governs pretrial management and was intended to alleviate problems of congested court calendars and "disgraceful costs of litigation." *In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984). Subsection (f) in particular gives courts "very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to ensure the expeditious and sound management of the preparation of cases for trial." *In re Baker*, 744 F.2d at 1440.

Rule 16 sanctions serve two purposes: primarily, enforcement of reasonable case management requirements; secondarily, compensation for parties who incur inconvenience and expense as a result of the opposing side's noncompliance. *In re Baker*, 744 F.2d at 1441. Monetary sanctions under Rule 16(f) should be proportionate to the seriousness of the violation and reflect where the fault lies, with counsel or client. *Turnbull v. Wilcken*, 893 F.2d 256, 259 (10th Cir. 1990).

## III. DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

Mr. Jacobson candidly acknowledges Defendants' failure to appear at the settlement conference violated both the *Order Setting Rule 16 Settlement Conference* and Local Rule 16.2. He asserts, however, that the violation was unintentional and the result of misreading the *Order Setting Rule 16 Settlement Conference*. He further states that before attending the settlement conference he obtained "both verbal and written instructions granting [him] settlement authority" and he

3

therefore believed he was complying with the Court's Order.

At the Court's direction, Mr. Villa submitted an itemized list of Mr. Holland's travel expenses for the settlement conference:

| | |
|---|---:|
| Airfare from Greenville/Spartanburg, SC to Albuquerque | $414.80 |
| Lodging for two nights | $ 73.96 |
| Per diem for three days (discounted for two travel days) | $140.00 |
| **Total** | **$628.76** |

Mr. Villa advanced the costs of airfare and lodging.[1]

Mr. Jacobson expresses his willingness to reimburse Mr. Holland for his reasonable airfare and hotel expenses in the event the settlement conference is rescheduled, but submits he should not be required to reimburse the expenses if the settlement conference is not rescheduled. As an additional predicate to reimbursement, Mr. Jacobson claims Mr. Holland should be required to prove that he personally incurred the expenses, or that he reimbursed his attorney for the expenses advanced. Furthermore, although Mr. Jacobson is willing to reimburse airfare and hotel, he believes he should not be liable for per diem.

## IV.   ANALYSIS

### A.   Sanctionable conduct

The *Order Setting Rule 16 Settlement Conference* reflected the Court's assessment that this case may be susceptible of settlement and was intended to facilitate early settlement if possible, thereby minimizing expenditure of resources by both the judicial system and the litigants. Defendants' failure to attend the settlement conference prevented the conference from occurring, caused unnecessary expenditure of resources by both the Court and the opposing party, and arguably

---

[1] A copy of Mr. Villa's letter dated May 13, 2011 is attached to this Order.

delayed resolution of the case.  The Court finds the conduct is sanctionable.[2]

The Court further finds, as discussed below:  (1) the noncompliance was not substantially justified and (2) there are no other circumstances that make an award of expenses unjust.

### B.     Absence of substantial justification

Mr. Jacobson was not justified in believing that documents granting him settlement authority were adequate substitute for personal attendance by his clients absent leave of Court.  First, the *Order Setting Rule 16 Settlement Conference* expressly states that parties must attend in person.  Second, Local Rule 16.2, referred to in the *Order Setting Rule 16 Settlement Conference*, makes clear that an attorney may not attend without the party, even if the attorney has been granted settlement authority.  Unless excused, the party or person with settlement authority—*other than an attorney of record*—must attend the settlement conference in person.  D.N.M.LR.Civ. 16.2(c).

Third, at the Rule 16 scheduling conference conducted March 15, 2011, the Court and counsel discussed the difficulties Mr. Holland—who reportedly is of limited financial means and lives out-of-state—would face in attending the settlement conference in person.  To accommodate the number of Defendants and Mr. Holland's circumstances, the Court provided significantly more notice than the Court customarily provides for settlement conferences.  In light of the *Order Setting Rule 16 Settlement Conference*, the Local Rules, and the discussions at the scheduling conference, the Court finds it unjustifiable for Defendants' counsel to believe the requirement of personal attendance applied to Mr. Holland but not to his clients.

---

[2] Although the only conduct at issue with respect to the *Order to Show Cause* is Defendants' failure to attend the settlement conference, counsel for Defendants also violated the *Order Setting Rule 16 Settlement Conference* by sending two attorneys without obtaining prior leave.  The Court also takes note of a pattern of delay occurring in this case.  Defendants failed to answer the complaint until many months after answers were due.  Defendants also failed to meet their commitment to file a motion to dismiss no later than November 2010.  [Doc. 22 (Clerk's Minutes for Status Conference held Jan. 5, 2011).]  These various delays have, in the Court's estimation, substantially delayed the progress of this case.

### C. An award would not be unjust

The *Response to Order to Show Cause* states nothing that convinces the Court an award of expenses would be unjust. Although Mr. Jacobson states he did not intentionally ignore the rules and regrets his misstep, a finding of intentional conduct is not a predicate to sanctions under Rule 16(f). "[N]egligence in the handling of the case which causes unreasonable delays and interferes with the expeditious management of trial preparation may be a basis for sanctions." *RTC v. Williams*, 165 F.R.D. 639, 643 (D.Kan. 1996).

The Court also is not convinced an award would be unjust merely because Mr. Villa advanced the costs of travel for his client and Mr. Holland did not incur the costs himself. Regardless whether Mr. Holland incurred the expenses or his attorney did, Defendants' failure to attend the settlement conference undoubtedly caused the expenses to be incurred, caused Mr. Holland to undertake an unnecessary trip from North Carolina to New Mexico, caused Mr. Villa to prepare and attend, and squandered an opportunity for early settlement before the parties engage in substantial discovery. The Court therefore declines Mr. Jacobson's suggestion that Mr. Holland be required to prove he was billed for the expenses and has repaid his attorney for the advance.

### D. Amount and nature of the sanction

The Court finds the amount of $628.76 is reasonable. Although Mr. Jacobson objects to the $140.00 per diem expense, the Court sees no reason why a reasonable per diem should not be included to compensate Mr. Holland for the time and inconvenience incurred needlessly traveling from North Carolina to attend an 8:30 a.m. settlement conference in New Mexico. The amount, including per diem, is proportional to the violation, and indeed modest given that Mr. Villa has not submitted any amount for attorney's fees which Rule 16(f) authorizes the Court to award.

The fault here lies with Defendants' counsel, not Defendants who apparently were

6

erroneously advised they did not have to attend the settlement conference. The sanction shall therefore lie solely on Defendants' counsel Mr. Jacobson and is not subject to reimbursement by his clients or the Government.

Within seven days from the date of this Order, Mr. Jacobson shall pay Mr. Villa $628.76. To the extent Mr. Holland was billed for the expenses, Mr. Villa shall credit or reimburse his client as appropriate and shall so certify to the Court within seven days of receiving payment from Mr. Jacobson. To the extent Mr. Holland has not been billed, Plaintiff's counsel may retain the award but shall refrain from charging his client for these expenses in the future.

Finally, the award of expenses is a sanction separate from the merits of this case; it is not, as Mr. Jacobson suggests, an element of damages to be recovered—or deducted—from any future judgment in Mr. Holland's favor.

**IT IS SO ORDERED.**

_____
**DON J. SVET**
**United States Magistrate Judge**